UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MASSIMILIANO CINA,                                                              Docket No.:

                              Plaintiff,

    -against-

THE HOME DEPOT U.S.A., INC. and THE HOME    **PETITION FOR**
DEPOT,    **REMOVAL OF ACTION**
   **UNDER 28 U.S.C.**
   **§1446(a) DIVERSITY**
                              Defendant.
-------------------------------------------------------------------X

**TO THE CLERK OF THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**:

      **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. ( THE HOME DEPOT is a non-existent entity) ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Queens, to the United States District Court, EASTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

    1.    On January 30, 2020, this action was filed with the Court against HOME DEPOT U.S.A., INC., in the Supreme Court of the State of New York, County of Queens, Index Number 701213/2020. Pursuant to 28 U.S.C. §1446(a), copy of the Summons &Complaint is annexed hereto as **Exhibit "A."**

    2.    In his Complaint, Plaintiff alleges personal injury from an incident which occurred on July 1, 2019 at 73-01 25th Avenue, East Elmhurst, New York due to Defendant's negligence. **Exhibit "A."**

4833-5491-7822.1

3. Home Depot U.S.A., Inc. was served on January 30, 2020 through the Secretary of State. **Exhibit "B"**.

4. Home Depot U.S.A., Inc. filed its Answer on March 17, 2020. **Exhibit "C"**.

## DIVERSITY JURISDICTION IS PROPER

5. No further proceedings have been had in the Supreme Court of the State of New York, County of Queens, as of the date of the filing of this Petition for Removal.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Home Depot.

## DIVERSITY EXISTS

7. This firm represents Defendant HOME DEPOT U.S.A., INC. (THE HOME DEPOT is a non-existent entity).

8. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, which permits removal of causes of action based upon diversity of citizenship of the parties.

9. At the time that this was filed, Defendant HOME DEPOT U.S.A., INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

10. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, HOME DEPOT U.S.A., INC. is not a citizen of the State of New York.

11. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence in the State of New York, County of Queens County. **Exhibit "A."**

12. There is complete diversity of citizenship between the parties to this action.

13. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. In Plaintiff's Complaint, he alleges that "solely as a result of the defendant's negligence, carelessness, and recklessness," he "was caused to suffer severe and serious personal injuries to mind and body, and further, that" he "was subjected to great physical pain and mental anguish." Plaintiff further alleges that he was "severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration," and Plaintiff will "be permanently caused to suffer pain, inconvenience and other effects of such injuries," Plaintiff "incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries." **Exhibit "A"** at paragraphs 51 and 55.

15. On March 24, 2020, Defendant served a Demand for Supplemental Statement of Damages. **Exhibit "D".**

16. On May 22, 2020 Plaintiff served by way of email a Response to Home Depot's Combined Demand dated April 6, 2020, with an Affidavit of Mail Service dated May 22, 2020. The email was our offices first notice of Plaintiff' Response to Home Depot's Combined Demand. In his Response to Defendant's Combined Demands that his damages are $1,000,000.00 (One Million Dollars). **Exhibit "E".**

17. Given the damages alleged, this action fulfills the amount in controversy requirement based on prior trial verdicts in the courts of New York and other jurisdictions. (*See Zido v. Enters., Inc.* 498 F. Supp. 2d 512, 513-14 (N.D.N.Y. 2006) (where complaint did not assert specific amount

4833-5491-7822.1

of damages in accident case, jurisdictional limit met by allegations of serious injury); *James v. Gardner,* No. 04-CV-1380, 2004 WL 2624004, at *3-4 (S.D.N.Y. Nov. 10, 2004) (finding reasonable probability that $75,000 limit was met where complaint alleged serious injuries); *Nickel v. Nike,* No. 11 Civ. 4495, 2011 WL 4343852, at *2 (S.D.N.Y. Aug 18, 2011) (finding a reasonable probability that the jurisdictional threshold was met where the complaint included "generalized allegations regarding the nature and extent of plaintiff's injuries, which included 'debilitating physical and mental injury')."

18.     Home Depot submit that the (1) allegations in the Complaint with (2) and Plaintiff's demand of $1,000,000.00, that the value exceeds $75,000 from Plaintiff's counsel, "prove that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

19.     Home Depot reserves its rights to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained severe and permanent personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## **REMOVAL IS TIMELY**

20.     Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

21.     Defendant received Plaintiff's demand on May 22, 2020 and diversity exists. Removal is thus timely.

## NOTICE

22.     Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Queens.

## VENUE IS PROPER

23.     The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Queens County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

24.     Home Depot reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

25.     Home Depot reserves the right to amend or supplement this Petition for Removal.

26.     If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Queens, Index No. 701213/2020 are HEREBY NOTIFIED pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446.  The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

4833-5491-7822.1

WHEREFORE, Defendant HOME DEPOT U.S.A., INC., pray that this cause of action now pending in the Supreme Court of the State of New York, County of Queens, be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: New York, New York
      June 5, 2020

                              LEWIS BRISBOIS BISGAARD & SMITH, LLP

                              *Meagan Kelly*
      By:_____
          David M. Pollack (DP6143)
          Michael N. Giacopelli (MG4170)
          Meagan Kelly (MK7981)
          *Attorneys for Defendant*
          *HOME DEPOT U.S.A., INC.*
          *(THE HOME DEPOT is a non-existent entity)*
          77 Water Street – Suite 2100
          New York, New York 10038
          212.232.1300

TO:
Joseph Katz, Esq.
SACCO & FILLAS, LLP
*Attorneys for Plaintiff MASSIMILIANO CINA*
31-19 Newtown Avenue – 7th Floor
Astoria, New York 11102
718.746.3440